UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BERGSTROM, et al., | CASE NO. C21-55 MJP |
| Plaintiffs, | ORDER ACCEPTING AMENDED COMPLAINT AND DENYING MOTIONS AS MOOT |
| v. | |
| UNITED STATES NAVY, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' motion to dismiss, (Dkt. No. 19), Plaintiffs' cross-motion to amend the complaint, (Dkt. No. 21), and Plaintiffs' motion for an extension of time to respond to the motion to dismiss, (Dkt. No. 24). The Court has considered the motions and all relevant papers (Dkt. Nos. 19–28) and ORDERS the following.

First, the Court accepts Plaintiffs' amended complaint, (Dkt. No. 22), and finds that it was timely filed as an amended pleading. Under Rule 15, a party has the right to amend a pleading 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants have

not filed an answer, so Plaintiffs had the right to file an amended pleading without leave of court within 21 days of Defendants' motion to dismiss. That is what they did. (See Dkt. Nos. 19, 22.)

Second, the Court DENIES the three pending motions as MOOT. Defendants' motion to dismiss is moot because "the general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). The Court sees no reason to depart from that rule here. Plaintiffs' motions to amend the complaint and for an extension of time to respond to the motion to dismiss are therefore also moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 21, 2021.

Marsha J. Pechman
United States Senior District Judge