The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BERGSTROM, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES NAVY, *et. al.*, <br><br> Defendants. | Case No. 2:21-cv-00055-MJP <br><br> DEFENDANTS' MOTION TO DISMISS <br><br> Noted for consideration: <br> October 22, 2021 |

The defendants, the United States Navy, Secretary of the Navy Carlos Del Toro,[1] the Department of Defense, and the United States of America, (collectively, the "defendants") by and through undersigned counsel of record, Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Sarah K. Morehead, Assistant United States Attorney for that District, hereby respectfully move to dismiss plaintiffs' claim under the Fourteenth Amendment to the U.S. Constitution and their claim under the Little Tucker Act. Defendants do not move at this time to dismiss plaintiffs' claim under the Administrative Procedure Act ("APA"), which is

---

[1] Carlos Del Toro has been sworn in as the Secretary of the Navy and is therefore substituted in his official capacity for former Secretary Kenneth Braithwaite under Fed. R. Civ. P. 25.

DEFENDANTS' MOTION TO DISMISS  
Case No. 2:21-cv-00055-MJP  
PAGE - 1

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

better suited to cross motions for summary judgment. Defendants bring this motion now to dismiss the frivolous Fourteenth Amendment and Little Tucker Act claims to narrow the scope of the matter, clarify the scope of the record for review, and establish the available remedies.[2]

Plaintiffs' claims under the Fourteenth Amendment and the Little Tucker Act must be dismissed because plaintiffs lack standing to bring those claims. They do not claim that any of the defendants have done anything to them personally. Instead, they claim that the Navy denied military honors to their now deceased father.

In addition to the lack of standing, the Court lacks jurisdiction over plaintiffs' equal protection claim brought under the Fourteenth Amendment, which does not apply to the federal government. Regardless, their equal protection claim fails to state a claim. Moreover, their equal protection and Little Tucker Act claims are untimely because plaintiffs challenge actions that occurred shortly after World War II, and the six-year statute of limitations has long since run.

Plaintiffs have failed to state a claim under the Little Tucker Act because they have not identified any contract, government debt, or source of law mandating compensation to them or their father. Without identifying such a government obligation to pay money, they have not stated a Little Tucker Act claim. For those reasons, plaintiffs' claims under the Fourteenth Amendment and the Little Tucker Act should be dismissed without leave to amend.

### I.  FACTUAL BACKGROUND

Plaintiffs are the sons of their now deceased father, former Navy Captain Edward Bergstrom. They argue that the Navy has improperly refused to grant their father a Navy Cross

---

[2] *See, e.g., Matsuo v. United States*, 416 F. Supp. 2d 982 (D. Haw. 2006) (damages are not available under an APA claim); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (explaining that because "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," discovery is generally not permitted in APA actions).

DEFENDANTS' MOTION TO DISMISS  
Case No. 2:21-cv-00055-MJP  
PAGE - 2

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

for his service during World War II. Amended Complaint (Dkt. #22-1) at ¶ 2, 3, 40. Instead, their father was awarded other significant awards, including the Distinguished Flying Cross, Air Medal, and Bronze Star. *Id.* at ¶ 40, 49. Plaintiffs contend that they have sought resolution with the Navy since 2002 but have been unable to obtain a Navy Cross for their father. *Id.* at ¶ 33, 84.

Plaintiffs claim that they discovered in 2002 that the Navy erred in failing to award a Navy Cross to their father. Amended Complaint at ¶ 33. The Board for Correction of Naval Records ("BCNR") denied their request in June 2010. *Id.* at ¶ 95. Since that time, plaintiffs have continued to ask the BCNR and other entities to reconsider. *Id.* at ¶ 33. They filed their complaint with this Court in January 2021 seeking, among other remedies, for the Court to order the Navy to "correct" their father's military records and award him the Navy Cross. *Id.* p. 55-56. They filed an amended complaint in August 2021.

## I. ARGUMENT AND AUTHORITY

### A. Standards for a Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim. Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A motion to dismiss for lack of subject matter jurisdiction can attack the allegations either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A moving party factually attacks the allegations by "disput[ing] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A moving party facially attacks the allegations by asserting "that allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

In this case, defendants make a facial challenge to jurisdiction. Even assuming the allegations in the complaint are true, this Court lacks jurisdiction over plaintiffs' Fourteenth Amendment and Little Tucker Act claims.

**B.     Plaintiffs Lack Standing to Bring an Equal Protection or Little Tucker Act Claim**

Plaintiffs lack standing to bring an equal protection claim or a Little Tucker Act claim based on the alleged denial of the Navy Cross to their father. Absent standing, the Court lacks subject matter jurisdiction over their claims. *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012); *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) ("Standing is a necessary element of federal-court jurisdiction."); *Wilson v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 9814 (W.D. Wash. Jan. 23, 2013). Whether a party has standing to pursue a claim is a threshold issue

DEFENDANTS' MOTION TO DISMISS  
Case No. 2:21-cv-00055-MJP  
PAGE - 4

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

that "naturally precedes the question of whether that party has successfully stated a claim." *Moreland v. City of Las Vegas*, 159 F.3d 365, 369 (9th Cir. 1998).

Plaintiffs lack standing because rather than attempting to vindicate their own legal rights, they are attempting to vindicate their father's alleged rights. The default rule is that "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). In order to depart from that rule and assert a third party's right: (1) "[t]he litigant must have suffered an 'injury in fact'"; (2) "the litigant must have a close relationship to the third party"; and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests." *Id.* at 410-11 (citation omitted). An injury-in-fact is one that affects the plaintiff in a personal and individual way. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations omitted). Therefore, even if the third party is unable to bring the claim, the plaintiff must still have suffered an "'injury-in-fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute." *Wauchope v. United States Dep't of State*, 985 F.2d 1407, 1411 (9th Cir 1993). Plaintiff bears the burden of proving that element and the other requirements of standing when standing is challenged. *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002).

In this case, plaintiffs attempt to establish standing by alleging that they are the "heirs" of their father. Amended Complaint at ¶ 35. But because of the constitutional limitations on standing, heirs do not have unlimited standing to assert any claim they want based solely on their status as heirs. *See Lujan*, 504 U.S. at 560 (explaining that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). Rather, heirs' claims are often defined by and constricted by statute. *See, e.g., Garcia v. Adams*, 2006 U.S. Dist. LEXIS

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

8684, *12-13 (E.D. Cal. Feb. 15, 2006) (noting that Cal. Code Civ. Pro. § 377.60 allowed a claim for wrongful death and that cause of action "exists only so far and in favor of such person as the legislative power may declare.") (internal citation and quotation omitted); 42 U.S.C. § 1988 (setting forth when a § 1983 claim survives the death of the alleged victim). In support of their claim to have standing, plaintiffs cite only to 10 U.S.C. § 1552, a statute titled, "Correction of military records." *Id.* While that statute might confer standing to pursue their APA claim for correction of their father's military records, it does not confer standing on plaintiffs to pursue equal protection or Little Tucker Act claims on his behalf.

In an attempt to argue that they have been injured, plaintiffs argue that if their father had been awarded another distinguished military honor, he would have been promoted, made more money, and plaintiffs would have inherited some unspecified portion of that additional compensation as their father's heirs. Amended Complaint at ¶ 115 ("While this cause of action was not primarily about the economic injuries, the sons, as direct family heirs, were concretely economically injured by these events which satisfy any standing question."). The vague argument that their father should have been paid more is not an "injury in fact" to *plaintiffs'* legal interests as required for standing. *See Lujan*, 504 U.S. at 560 (explaining that an "injury in fact" is "an invasion of a legally protected interest which is … concrete and particularized").

In addition to the lack of injury to plaintiffs, plaintiffs' Little Tucker Act claim is too speculative to establish standing. Plaintiffs' speculation that if their father had obtained additional military honors, then he might have been promoted and received higher pay that they then would have inherited when he died decades later is too hypothetical to establish standing. *See Lujan*, 504 U.S. at 560 (1992) (stating that injuries that are "hypothetical" or "conjectural" do not establish standing). Whether any of those events would have occurred is speculative including whether the

| DEFENDANTS' MOTION TO DISMISS | UNITED STATES ATTORNEY |
| Case No. 2:21-cv-00055-MJP | 700 Stewart Street, Suite 5220 |
| PAGE - 6 | Seattle, Washington 98101-1271 |
| | 206-553-7970 |

award of additional military honors would have resulted in a promotion, when a promotion might have occurred, whether a promotion would have resulted in additional compensation, when additional compensation might have been paid and how much, and whether the additional compensation would have remained for decades to be later inherited by plaintiffs.  Amended Complaint at ¶ 116 (alleging that Captain Bergstrom died in 1967).

The mere fact that plaintiffs have incurred attorney's fees in trying to obtain relief does not establish that they have standing.  Attorney's fees are a "byproduct of the suit itself" and cannot serve as a basis for Article III standing.  *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772-733 (2000) (internal quotation marks omitted); *see also Diamond v. Charles*, 476 U.S. 54, 70-71 (1986) (holding that an interest in attorney's fees is insufficient for standing purposes); Amended Complaint at Prayer for Relief, ¶ H.

Nor can plaintiffs establish standing based on their quest for further military honors for their father because that relief would not inure to them.  Regardless, that relief is not available under the Little Tucker Act because that statute "impliedly forbid[] declaratory and injunctive relief."  *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998).  Plaintiffs cannot establish standing by seeking unavailable relief for a third party.

For those reasons, plaintiffs lack standing to bring their equal protection or Little Tucker Act claims and those claims should be dismissed under Fed. R. Civ. P. 12(b)(1).

## C.   Plaintiffs' Equal Protection Claim

Even if plaintiffs have standing, their Fourteenth Amendment claim fails for additional reasons.  Amended Complaint at ¶ 178-191.  Plaintiffs seek to bring an equal protection claim under the Fourteenth Amendment to the U.S. Constitution, but the Fourteenth Amendment does not apply to the federal government.  *See* U.S. Const. Amend. XIV, § 1; *United States v. Morrison*,

DEFENDANTS' MOTION TO DISMISS  
Case No. 2:21-cv-00055-MJP  
PAGE - 7

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

529 U.S. 598, 621 (2000) (noting "the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"). Therefore, plaintiffs' Fourteenth Amendment claim must be dismissed.

Nor should plaintiffs be allowed leave to amend their equal protection claim. A court may grant leave to amend if it appears possible that the defects in the complaint could be corrected. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Id.* In this case, plaintiffs should not be granted leave to amend their equal protection claim because the deficiencies with that claim cannot be cured by amendment.[3] First, plaintiffs lack standing to bring the claim, as set forth above, and it does not appear that the defect can be cured. Second, the claim is time barred. An equal protection claim against the federal government is subject to a six-year statute of limitations. *See, e.g., Catholic Social Servs. v. INS*, 232 F.3d 1139, 1145 (9th Cir 2001) (citing 28 U.S.C. § 2401(a)). The claim accrues when the plaintiff is or should be aware of his injury and its immediate cause. *See, e.g., Hensley v. United States*, 531 F.3d 1052, 1056-57 (9th Cir. 2008). Plaintiffs complain that their father was denied an additional prestigious award for his service in the 1940s, decades ago. Even if the Court accepts that plaintiffs did not know about the alleged error until 2002 as they allege in their complaint, they still failed to bring the claim within six years of that time period. Amended Complaint at ¶ 33. Plaintiffs' appeal to the BCNR may have tolled the statute of limitations for any claim they actually raised to the BCNR and while the BCNR considered that claim, but that appeal did not toll the statute of limitations for plaintiffs'

---

[3] Although the Fourteenth Amendment is inapplicable, the Fifth Amendment, which contains no equal protection clause, forbids discrimination that is "so unjustifiable as to be violative of due process." *Schneider v. Rusk*, 377 U.S. 163, 168 (1964). Fifth Amendment equal protection claims have been adjudicated the same as equal protection claims under the Fourteenth Amendment. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 (1975).

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

equal protection claim, Tucker Act claim, or any claim they did not actually raise to the BCNR. *See, e.g., Nichols v. Hughes*, 721 F.2d 657, 660 (9th Cir. 1983) (explaining that where the exhaustion of an administrative remedy is required, the statute of limitations may be tolled while exhaustion occurs). Exhaustion was not required for plaintiffs' equal protection claim, and plaintiffs do not claim that they raised their equal protection or Tucker Act claims to the BCNR. Therefore, no tolling occurred for those claims. Moreover, plaintiffs state that the BCNR denied their claim in 2010, more than six years before they filed this suit. Amended Complaint at ¶ 95. Therefore, the claim is futile because it is untimely.

Third, a claim for monetary damages may not be asserted against the federal government unless expressly authorized by an unambiguous waiver of sovereign immunity. *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012) (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996)). The same immunity extends to suits brought against federal officers sued in their official capacity. *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001) (citing *State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)). The United States has not waived its sovereign immunity for constitutional tort claim for damages against the United States or its agencies. *See Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself. We therefore hold that Meyer had no *Bivens* cause of action for damages against FSLIC."). Therefore, plaintiffs cannot pursue a constitutional claim for money damages against the federal government under the circumstances alleged.

Finally, plaintiffs' allegation that their father was treated differently than service members who received the Navy Cross does not state an equal protection claim. Plaintiffs are not claiming that they (or their father) were treated differently because of membership in a protected class or

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

group. *See, e.g., Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (holding that a "plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class"); *Pruitt v. Cheney*, 963 F.2d 1160 (9th Cir. 1992). Nor can plaintiffs proceed under a "class of one" theory where the underlying action – the denial of military honors – arises in the context of public employment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598, 604 (2008) (holding that a class of one equal protection theory is inapplicable in the context of public employment because employment-related decisions are "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify."). Although the *Engquist* decision involved a state employee, the court's analysis covered federal employees too. *Id.* at p. 607. For all of those reasons, plaintiffs' equal protection claim must be dismissed without leave to amend.

### D.     Plaintiffs' Little Tucker Act Claim

Even if they have standing to bring them, plaintiffs' numerous claims under the Tucker Act are untenable. *See* Counts IV, V, VI. Plaintiffs have confirmed that they are not seeking more than $10,000 in damages (Dkt. #16 at p. 2), so jurisdiction, if it existed, would be under 28 U.S.C. § 1346(a)(2), known as the Little Tucker Act. The Little Tucker Act allows suits "against the United States," not against individual federal officers or agencies. 28 U.S.C. § 1346(a)(2); *see, e.g., Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1088 (N.D. Cal. 2009); *Briggs v. United States*, 564 F. Supp. 2d 1087, 1094 (N.D. Cal. 2008) (dismissing claims against federal agency under the Little Tucker Act because the United States is the only proper defendant). Therefore, plaintiffs cannot bring their Tucker Act claim against any defendant other than the United States.

Plaintiffs have failed to state a Little Tucker Act claim because they have not alleged a necessary element of their claim. The Little Tucker Act waives sovereign immunity and

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

<sub>1</sub>

provides the district court concurrent jurisdiction with the United States Court of Federal Claims for claims not exceeding $10,000, "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). "[B]ecause the Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" *Jan's Helicopter Serv. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). Jurisdiction under the Little Tucker Act exists if the statute, regulation, or constitutional provision that is the basis for the complaint "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained," and is "reasonably amenable to the reading that it mandates a right of recovery in damages." *Fisher,* 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983) and *United States v. White Mt. Apache Tribe*, 537 U.S. 465, 473 (2003)).

Plaintiffs' amended complaint does not allege a money-mandating source as required. Instead, plaintiffs vaguely claim that their father was owed additional compensation from "Congression[ally] mandated" awards, raises, and promotions. Amended Complaint at ¶ 112. Plaintiffs ask the Court to take judicial notice of that fact. *Id.* at n.21. Their claim that their father was owed money by the federal government is not a fact subject to judicial notice, and it is disputed. Fed. R. Evid. 201. Nor do plaintiffs cite any statute, regulation, or constitutional provision that mandates the compensation they claim was "mandated." In the same vein, plaintiffs' amended complaint vaguely claims that their father had a "contractual employment relationship," but they do not identify the contract, cite to it, provide it, or identify any provision

<sub>2</sub>

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

of such a contract that entitled their father to military awards or more compensation. Amended Complaint at ¶ 112. Because plaintiffs have not alleged any contract, government debt to them, or source of law mandating compensation to them or their father, the Court lacks jurisdiction over plaintiffs' claim under the Little Tucker Act, and plaintiffs have not stated a claim for which relief may be granted.

Finally, plaintiffs' Little Tucker Act claim is untimely for the same reasons that their equal protection claim is untimely. A Tucker Act claim is subject to a six-year statute of limitations, but plaintiffs did not bring their claim within that time period. *See, e.g., United States v. Park Place Assocs.*, 563 F.3d 907, 921-922 (9th Cir. 2009). Plaintiffs allege that they continued to seek review by the BCNR until 2018. Amended Complaint at ¶ 33. While the BCNR's 2018 decision might extend the time for plaintiffs to file their APA claim to challenge the 2018 decision, it does not extend the statute of limitations for their equal protection and Little Tucker Act claims when they admit that they were aware in 2002 of the alleged wrongful denial of the additional prestigious award and recognition they now seek to correct. *Id.* Therefore, plaintiffs' Little Tucker Act claim must be dismissed.

### III. CONCLUSION

Based on the foregoing, defendants request that their motion to dismiss be granted and plaintiffs' equal protection and Tucker Act claims be dismissed for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 12

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

DATED this 30th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA No. 29680
Assistant United States Attorney
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: Sarah.Morehead@usdoj.gov

Attorney for Defendants

DEFENDANTS' MOTION TO DISMISS
Case No. 2:21-cv-00055-MJP
PAGE - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970