1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  ROBERT BERGSTROM et al.,                    CASE NO. C21-55 MJP

11              Plaintiff,                      ORDER GRANTING IN PART
                                                AND DENYING IN PART
12         v.                                   DEFENDANTS' MOTION TO
                                                DISMISS
13  UNITED STATES NAVY et al.,

14              Defendant.

15

16        This matter is before the Court on Defendant's motion to dismiss.  (Dkt. No. 30.)  Having

17  considered the motion, Plaintiffs' response, (Dkt, No. 34), the reply, (Dkt. No. 35), and the

18  Amended Complaint, (Dkt. No. 22), including Plaintiffs' exhibits, (Dkt. Nos. 2–7), the Court

19  GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.  The Court

20  DISMISSES Plaintiffs' equal protection claim under Rule 12(b)(6); DISMISSES Plaintiffs'

21  claim for damages against all Defendants other than the United States under Rule 12(b)(1); and

22  DENIES the remainder of Defendants' motion.

23
24

1

**Background**

2          Plaintiffs Robert Bergstrom and Thomas Bergstrom are suing the United States Navy,

3   Navy Secretary Carlos Del Toro, the Department of Defense, and the United States.  (Dkt. No.

4   22 ("Amended Complaint").)  Plaintiffs claim the Navy failed to grant their father, Captain

5   Edward Bergstrom, who passed away in 1967, a Navy Cross for his service in World War II.

6   They seek an order directing the Navy to award Captain Bergstrom a posthumous Navy Cross

7   and correct his record of service.  They also seek up to $10,000 in economic damages for lost

8   earnings caused by the failure to grant Captain Bergstrom the Navy Cross.  Plaintiffs label their

9   claims as arising under the Administrative Procedure Act (APA), the Fourteenth Amendment,

10  and the Little Tucker Act.  Defendants move to dismiss Plaintiffs' claims under the Fourteenth

11  Amendment and Little Tucker Act (but not their claims under the APA) under Rule 12(b)(1), for

12  lack of subject-matter jurisdiction, and under Rule 12(b)(6), for failure to state a cause of action.

13         Captain Bergstrom served in the U.S. Navy from 1939 to 1965, when he retired.  (Am.

14  Compl. ¶ 41.)  His service included time as a pilot in World War II, when he took part in combat

15  missions in the Philippines, Indonesia, and the Aleutian Islands.  Plaintiffs allege their father

16  engaged in acts of heroism that went unrecognized or underrecognized.  In particular, they claim

17  Captain Bergstrom participated in an offensive in the Aleutian Islands in June 1942 that resulted

18  in him being recommended for the Navy Cross along with another pilot.  (Id. ¶¶ 50–53.)  Due to

19  an apparent clerical error, the other pilot received the award, but their father did not, (id. ¶ 53),

20  although Captain Bergstrom was awarded the Distinguished Flying Cross "for heroism and

21  extraordinary achievement" during the Aleutian Islands Campaign, (Dkt. No. 5, Ex. 2).

22  Plaintiffs also claim Captain Bergstrom's attack on an enemy submarine in June 1942—which

23

24

1  they say likely averted an attack on a U.S. naval ship—should have received recognition.  (Id.
2  ¶¶ 58–65.)

3       Plaintiff Robert Bergstrom petitioned the Navy to review his father's eligibility for the
4  Navy Cross in 2003.  (Dkt. No. 5, Ex. 5.)  The Navy denied the request in 2003, noting that the
5  award had been reviewed by three separate boards, including one in 1946, (see Dkt. No. 5, Ex.
6  3), and deciding that the Distinguished Flying Cross was the appropriate award.  (Dkt. No. 5, Ex.
7  6 at 2.)  The Navy again reviewed the award in 2010, based on new evidence, and upheld the
8  prior decisions that the Distinguished Flying Cross was the appropriate award.  (Dkt. No. 6, Ex.
9  3.)  The Navy issued a final denial in 2018 after a review that included additional new evidence.
10  (Dkt. No. 6, Ex. 5.)  Plaintiffs commenced this proceeding in January 2021.  (Dkt. No. 1.)  They
11  filed an amended complaint in August 2021.  (Dkt. No. 22.)

12

13  **Discussion**

14       The Amended Complaint is not a model of precision, so it is important to clarify
15  Plaintiffs' claims and the legal bases for them to focus the issues for Defendants' motion.  To
16  state a claim for relief, a complaint must contain a short and plain statement of the grounds for
17  the court's jurisdiction, a short and plain statement of the claim showing that the claimant is
18  entitled to relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  While claims should
19  be "concise and direct," "no technical form is required," and "pleadings must be construed so as
20  to do justice."  Id. at 8(d), (e).  In addition, on a motion to dismiss, the Court accepts all factual
21  allegations in the complaint as true and construes the pleadings in the light most favorable to the
22  nonmoving party.  Capp v. City of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019).

23

24

1

     **A.**       **Claim to Correct Military Records**

2

     Plaintiffs seek judicial review of the Secretary's denial of Robert Bergstrom's request to

3

correct the military record of their father.  The Secretary of the Navy has authority to correct the

4

military records of servicemembers "when the Secretary considers it necessary to correct an error

5

or remove an injustice."  10 U.S.C. § 1552(a)(1).  Any "such correction shall be made by the

6

Secretary acting through boards of civilians of the executive part of that military department."

7

Id.  A request for correction must be made by the claimant, or their heir or representative,

8

"within three years after discovering the error or injustice," but the civilian board also has

9

authority to excuse a failure to file within three years "if it finds it to be in the interest of justice."

10

Id. at § 1552(b).

11

     Plaintiffs seek review of the Secretary's decision under the Administrative Procedure Act

12

(APA).  See 5 U.S.C. §§ 702, 706.  The Secretary's decision is reviewable and can by set aside if

13

it is arbitrary, capricious, or not based on substantial evidence.  Guerrero v. Stone, 970 F.2d 626,

14

628 (9th Cir. 1992); Chappell v. Wallace, 462 U.S. 296, 303 (1983).  There is jurisdiction over

15

Plaintiffs' APA claim under 28 U.S.C. § 1331.  Defendants do not move to dismiss Plaintiffs'

16

claim under the APA.

17

     **B.**       **Claim for Damages**

18

     Plaintiffs also seek damages of up to $10,000 for the pay they claim their father lost as a

19

result of the Secretary's failure to give him the medals he deserved.  They have styled their claim

20

for damages as arising under the Little Tucker Act, 28 U.S.C. § 1346(a), and the APA.  The APA

21

does not provide a cause of action for damages.  See 5 U.S.C. § 702 (referring to claims "seeking

22

relief other than money damages").  And Plaintiffs do not have a claim under the Little Tucker

23

Act, which is a jurisdictional statute that requires an independent cause of action.  The Act

24

1    provides jurisdiction for "any civil action or claim against the United States, not exceeding

2    $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any

3    regulation of an executive department . . . ."  28 U.S.C. § 1346(a).

4          Rather, Plaintiffs' claim for damages arises under the statute authorizing the Secretary of

5    the Navy to correct military records.  The Secretary of the Navy has authority to pay a claimant

6    or their legal representative, surviving spouse, heir, or beneficiary for "a claim for the loss of

7    pay, allowances, compensation, emoluments, or other pecuniary benefits . . . if, as a result of

8    correcting a record under this section, the amount is found to be due the claimant on account of

9    his or another's service."  10 U.S.C. § 1552(c).  This is the independent source of federal law the

10   Little Tucker Act requires.  As a result, the Court has jurisdiction over Plaintiffs' claim.

11   However, the Act limits jurisdiction to claims "against the United States," so Plaintiffs' claim for

12   damages is dismissed against all Defendants other than the United States for lack of subject-

13   matter jurisdiction.

14         In light of this statutory framework—which authorizes a servicemember's heirs to seek

15   correction of military records and any resulting monetary award—Defendants' argument that

16   Plaintiffs lack standing to seek judicial review of the Navy's decision is not persuasive.

17   Plaintiffs do not seek to vindicate their father's claim; the statute itself allows heirs to bring such

18   a claim.  The statute authorizes the Secretary to make that payment directly to a servicemember's

19   heirs, so the claim belongs to Plaintiffs and not to their faither.  This qualifies as an "injury in

20   fact."

21         Defendants also argue that Plaintiffs' damages claim is time-barred.  This argument is

22   premised on a misreading of the record.  Defendants claim Plaintiffs seek review of the

23   Secretary's 2010 denial and that they missed the six-year statute of limitations under 28 U.S.C.

24

§ 2401(a).  However, in 2018 Robert Bergstrom submitted new evidence the Navy had not previously considered.  (See Dkt. No. 6, Ex. 5 at 3.)  Plaintiffs seek review of the Navy's denial of October 11, 2018 based on that record.  Therefore, because their claim derives from 10 U.S.C. § 1552 and was filed within six years of the Secretary's denial, Plaintiffs' claim is not time-barred.

### C.    Equal Protection Claim

Plaintiffs also claim that Defendants have violated their father's right to equal protection under the Fourteenth Amendment.  Defendants assert that Plaintiffs' equal-protection claim should be dismissed because the Fourteenth Amendment does not apply to the federal government.  The opposite is well established.  The Equal Protection Clause of the Fourteenth Amendment applies to the federal government through the Due Process Clause of the Fifth Amendment.  Bolling v. Sharpe, 347 U.S. 497, 500 (1954).  Although Plaintiffs' Amended Complaint is not very artfully drafted—they should have identified their claim as arising under the Fifth Amendment, with 42 U.S.C. § 1983 as providing a cause of action—it is clear enough that they are alleging that their father was denied equal protection of the laws guaranteed by the Due Process Clause.  See Buckley v. Valeo, 424 U.S. 1, 93 (1976) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.").

The reason why their equal protection claim must be dismissed is far simpler.  Despite Plaintiffs' own labels, there are no allegations in the Amended Complaint that support a violation of equal protection.  They have not alleged that their father was treated differently because he belongs to a protected class.  See, e.g., Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must

1   show that the defendants acted with an intent or purpose to discriminate against the plaintiff

2   based upon membership in a protected class") (internal quotation marks omitted).

3          Their claim is that the Secretary and multiple civilian review boards erred in not

4   awarding their father for his actions in World War II because of clerical or administrative errors,

5   overlooked evidence, or a failure to treat like cases similarly.  Plaintiffs claim other

6   servicemembers received awards and recognition for actions that were similar to their father's,

7   so, in their view, their father was treated "disparately" and denied equal protection of the laws.

8   (See Amen. Compl. ¶¶ 34, 69, 186.)  But they allege the failure to give their father these awards

9   was "due to now obvious administrative error."  (See id. ¶ 34.)  This is not a claim for disparate

10  treatment.  It involves allegations typical of claims seeking judicial review of agency

11  decisionmaking cloaked in the language of equal protection.  There are no facts alleged in the

12  Amended Complaint to support an equal-protection claim.  (See id. ¶¶ 178–91.)  Compare

13  Swann v. Garrett, 811 F. Supp. 1336, 1343 (N.D. Ind. 1992) (finding that Black servicemember

14  should have been awarded the Navy Cross and was denied it either because of an error or

15  because of his race).  Plaintiffs' claim for denial of equal protection is dismissed under Rule

16  12(b)(6) for failure to state a cause of action.

17          **D.      Plaintiffs' Claims Are Personal to Them**

18          Finally, although this issue was not addressed by the Parties, the Court finds it necessary

19  to clarify how it has construed Plaintiffs' claims.  The Amended Complaint states that Plaintiffs

20  are "Robert Bergstrom, and Thomas Bergstrom heirs representing deceased Navy Capt. Edward

21  Bergstrom."  (Am. Compl.)  The Amended Complaint also identifies Plaintiffs as "the sons and

22  heirs of deceased World War II Navy pilot Captain Edward Bergstrom, who have standing acting

23  on Captain Bergstrom's behalf . . . ."  (Id. ¶ 11.)  Plaintiffs have not alleged any facts from which

24

the Court can conclude they are authorized by their father's estate to raise any such claims on its behalf other than to state that they are his heirs. But 10 U.S.C. § 1552 authorizes the heirs of servicemembers to seek correction of military records, so Plaintiffs' claims are their own and do not belong to their father's estate. For this reason, in light of the requirement that the Court construe all facts and inferences in Plaintiffs' favor, the Court interprets Plaintiffs' claims as being personal to them, rather than raised on behalf of their father's estate. Plaintiffs' claims survive only to that extent.

***

In sum, Plaintiffs have stated two claims: (1) a claim seeking judicial review of the Secretary's denial of their request to correct their father's military record and (2) a claim for damages up to $10,000 under 10 U.S.C. § 1552(c) to compensate for any "pay, allowances, compensation, emoluments, or other pecuniary benefits" that was lost because of the incorrect record. Defendants' motion to dismiss is GRANTED IN PART to the extent that Plaintiffs' claim for damages is DISMISSED against all Defendants other than the United States for lack of subject-matter jurisdiction under Rule 12(b)(1); and Plaintiffs' equal protection claim is DISMISSED for failure to state a cause of action under Rule 12(b)(6). The remainder of Defendants' motion is DENIED. The clerk is ordered to provide copies of this order to all counsel.

Dated January 3, 2022.

Marsha J. Pechman
United States Senior District Judge